UNITED STATES of America, Plaintiff–Appellee,

v.

Jory Michael NANCE, Defendant–Appellant.

No. 15–6127.

United States Court of Appeals, Tenth Circuit.

Feb. 2, 2016.

Chris Michael Stephens, Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

Jory Michael Nance, Oklahoma City, OK, pro se.

Before KELLY, LUCERO, and McHUGH, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

PAUL J. KELLY, JR., Circuit Judge.

Defendant–Appellant Jory Michael Nance, an inmate appearing pro se, seeks to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because we determine that Mr. Nance has failed to show that reasonable jurists would find it debatable whether the district court was correct in either its substantive constitutional analysis or its procedural rulings, see Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), we deny him a certificate of appealability ("COA") and dismiss the appeal.

Mr. Nance was convicted, after a jury trial, of multiple counts of transporting child pornography and of receiving or attempting to receive child pornography using peer-to-peer file sharing. 18 U.S.C. § 2252(a)(1) & (a)(2). He was sentenced to 64 months' imprisonment and five years' supervised release. His convictions were affirmed on direct appeal. United States v. Nance, 767 F.3d 1037 (10th Cir.2014). The district court denied Mr. Nance's § 2255 motion on both procedural (procedural bar) and substantive grounds. United States v. Nance, No. 15–cv–00028–HE (W.D. Okla. June 18, 2015).

In his motion for a COA, Mr. Nance restructures his argument and raises eleven grounds. Essentially, he complains of various defects in the trial proceedings, finding fault with his trial counsel, compounded by an alleged failure of appellate counsel to appreciate the defect and raise it on direct appeal. To receive a COA, Mr. Nance must show that a reasonable jurist would find the district court's assessment of his claims "debatable or wrong." Slack, 529 U.S. at 484, 120 S.Ct. 1595.

Mr. Nance's first five claims allege that trial counsel provided ineffective assistance, by failing to call an expert witness, failing to object to certain evidence, and eliciting evidence that Mr. Nance considered damaging. The district court found that Mr. Nance's conclusory allegations simply did not establish that his counsel's performance was deficient. See Strick-

*land v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even assuming it was deficient, it was not prejudicial given the "overwhelming" evidence against him. *See Nance,* 767 F.3d at 1043 n. 5. Accordingly, appellate counsel was not ineffective for failing to raise these claims.

Mr. Nance's next two ineffective assistance claims (claims six and seven) allege that counsel failed to exclude evidence of uncharged bad acts under Fed.R.Evid. 404(b)(2) and failed to offer evidence that his computer was "inoperable." These underlying issues were already considered and rejected on direct appeal. *Id.* at 1042–46.

His final challenges (claims eight, nine, ten) also allege his right to due process was violated when government witnesses offered false testimony at trial. We agree with the district court that his claims really attack the sufficiency of the evidence against him and are not appropriate for a § 2255 motion. *Nance,* slip op. at 1–2. The district court found that, even on the merits, Mr. Nance's argument failed to "suggest the knowing presentation of materially false testimony" or undercut the substance of the testimony against him. *Id.* at 3.

Mr. Nance fails to show any of the district court's conclusions are reasonably debatable.[1] His allegations of ineffective assistance of counsel cannot prevail given the deference afforded to counsel's tactical and reasonable choices. There are many ways to defend and appeal a case, and we do not evaluate counsel's performance based upon 20/20 hindsight. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. He also fails to cast

doubt on the court's refusal to find a violation of his due process rights. His evaluation and interpretation of the evidence does not indicate government witnesses intentionally lied.

Accordingly, we DENY Mr. Nance's request for a COA and DISMISS the appeal.

---

1. In dismissing his first ten claims, his eleventh claim of cumulative error necessarily fails.